UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SONYA R. TAYLOR,

    Plaintiff,

vs.

CASE NO.: 4:22-cv-_____-_____

MERRICK GARLAND, in his
official capacity as the United States
Attorney General, and the UNITED
STATES DEPARTMENT OF
JUSTICE  FEDERAL BUREAU
OF PRISONS,

    Defendants.
_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, SONYA R. TAYLOR, (hereinafter "TAYLOR"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendants, MERRICK GARLAND, in his official capacity as United States Attorney General, and the UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS (hereinafter referred to jointly as "DOJ"), and states:

## JURISDICTION

1. TAYLOR invokes this Court's jurisdiction under Title 28 U.S.C. §§ 1331 and 1343 on grounds that this action arises under 42 U.S.C. § 2000e *et seq.*, of the Civil Rights Act of 1964, as amended in 1991 (hereinafter "Title VII").

2. The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to Title 28 U.S.C. § 1391(e).

3. At all times relevant, TAYLOR was employed by DOJ.

## PARTIES

4. The Plaintiff, SONYA R. TAYLOR, is a 53-year-old, female citizen of Leon County, Florida, residing at 8317 Old Plank Road, Tallahassee, Florida 32305. At all times pertinent, TAYLOR was an employee for DOJ, as defined in 42 U.S.C. 2000(e), holding the position of Lieutenant GS-11 Corrections Lieutenant.

5. The Defendant, MERRICK GARLAND, is the United States Attorney General. The Defendant, UNITED STATES DEPARTMENT OF

JUSTICE FEDERAL BUREAU OF PRISONS, is an agency of the United States of America.

## ADMINISTRATIVE REMEDIES

6. On March 27, 2020, TAYLOR filed a formal Charge of Discrimination against DOJ with the EEO Officer of the DOJ which was assigned BOP Complaint Number 2019-01547, and on December 17, 2020, TAYLOR filed BOP Case 2020-01985. TAYLOR appealed both cases to the U.S. Equal Employment Opportunity Commission when they were filed under EEOC Number 510-2021-00052X and 510-2021-00275X.

7. On May 4, 2022, Counsel for TAYLOR requested that the EEOC dismiss her charge of discrimination in order for her to file a case in United States District Court as permitted under *Brown v. Tomlinson*, 462 F. Supp. 16 DDC 2006 and, this Complaint is timely filed as it has been more than 180 days since the filing of the original complaints.

## STATEMENT OF THE FACTS

8. On April 20, 2018, TAYLOR's direct line Supervisor, D.W. Holmes, gave TAYLOR Performance Work Plan (PWP) annual rating of 460

3

which was one point below 461 the rating which would have placed TAYLOR in the Outstanding Category.

9. On April 10, 2019, TAYLOR's direct line Supervisor, Captain Dennis Holmes, gave her a PWP overall rating of 480 points, or Outstanding.

10. On April 15, 2020, TAYLOR's direct line Supervisor, Captain Amanda McCoy, prepared TAYLOR's PWP. McCoy was aware, prior to preparing TAYLOR's 2020 PWP that TAYLOR had filed her Complaint of Discrimination Number 2019-01547, with the EEOC Office. McCoy gave TAYLOR an overall rating of 300, or 180 points less than her previous PWP. TAYLOR had not received any counseling or discipline after her 2019 PWP. The only new fact for McCoy's consideration was TAYLOR's filing of EEOC Charge Number 2019-01547. This reduced, PWP overall rating made TAYLOR ineligible for her Qualified Step Increase for that year which permanently decreases her salary and her future retirement benefits.

11. On January 11, 2021, then-Captain Joshua Winston, TAYLOR's direct line Supervisor, gave TAYLOR a PWP with an overall rating of 380 points which resulted in an Excellent rating, which once again made TAYLOR

ineligible for receiving her Qualified Step Increase for in a second consecutive year where she lost salary increase and future retirement benefits.

12. In May 2022, Captain John Winston, TAYLOR's direct line Supervisor gave TAYLOR a PWP overall rating of 480, or Outstanding only after the direct intervention of Associate Warden Brian Best which meant TAYLOR would receive her Qualified Step Increase (QSI) again, after two (2) straight years without receiving it.

13. Captain Amanda McCoy, Warden Strong, and Captain Winston also refused to allow TAYLOR to work overtime hours which also reduced her income during this time period after she filed her EEO complaints.

14. The intentional reduction in TAYLOR's overall PWP rating from Outstanding also prevented TAYLOR from qualifying for consideration for a promotion to a GS-12 position.

## COUNT I
**UNLAWFUL DISCRIMINATION AND RETALIATION IN VIOLATION 42 U.S.C. § 2000e *et seq.*, OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED IN 1991 (HEREINAFTER "TITLE VII").**

15. TAYLOR re alleges and incorporates Paragraphs 8 through 14, above, as if set forth in full herein.

16. TAYLOR engaged in protected activity when she filed EEO Complaint Number 2019-01547, in October 2019.

17. TAYLOR's direct line Supervisor Captain Amanda McCoy and Captain Winston were both aware of her protected activity during the period prior her receiving her 2020 and 2021 PWP ratings.

18. TAYLOR experienced adverse employment actions when her Supervisors intentionally reduced her prior Outstanding annual ratings in order to prevent her from receiving her QSI for those two (2) years and denying her overtime bonus and took her out of consideration for the GS-12 Discipline Hearing Officer (DSO) position.

19. These adverse actions of McCoy and Winston were based on their intent to retaliate against her for filing her Charge of Discrimination. McCoy and Winston had knowledge of TAYLOR's protected activity because they responded to her Charges prior to preparing her PWP in 2020 and 2021.

20. As a direct and proximate result of the violation of TAYLOR's rights, TAYLOR has suffered economic damages and is entitled to compensatory damages, including, but not limited to: Loss of actual and potential income, emotional distress, mental anguish, mental pain and suffering,

loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation, and loss of savings and benefits.

21. As a result of the discriminatory actions by DOJ and/or its agents, TAYLOR has been forced to hire an attorney to protect her rights and, as such, is entitled to recover reasonable attorney fees and the costs for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, SONYA R. TAYLOR, demands judgment against the Defendants, MERRICK GARLAND and UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS, and respectfully requests this Honorable Court for entry of its Order making TAYLOR whole by awarding her the following relief:

A. Actual damages in an amount to be determined at trial;

B. Compensatory damages in an amount to be determined at trial;

C. All attorney fees and costs of this action;

D. Any such other and further relief as this Court deems just and equitable.

Plaintiff respectfully requests a trial by jury.

## VERIFICATION

I affirm under penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information, and belief.

_____
SONYA R. TAYLOR

Respectfully submitted,

_____
GARY LEE PRINTY
FL BAR ID NO. 363014
Gary Lee Printy Attorney at Law
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone (850) 877-7299
FAX (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
SONYA R. TAYLOR